IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01283-RBJ

SILBANIO TRUJILLO, individually,

        Plaintiff,

v.

COCA-COLA REFRESHMENTS USA, INC.,
a Delaware corporation, JAMES WHITE, individually,

        Defendants.

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain information, documents and tangible things to be identified and produced in this case by all of the parties with the agreement of the parties, the Court enters this Stipulated Protective Order.

1. Documents and materials to be produced by the parties in this litigation that they contend constitute confidential personal information, or contain or depict trade secrets or other confidential research, development or commercial information shall hereinafter be designated as "Protected Documents." Prior to designating any materials as "Protected Documents," the parties will make a bona fide and good faith determination that the materials are, in fact, a trade secret, confidential technical or personal information, or other commercially sensitive information entitled to protection under Federal Rule of Civil Procedure 26(c).

2. The parties shall designate materials as Protected Documents by stamping or labeling such documents and materials as "Confidential" in a manner that does not cover or

otherwise obscure any of the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom of the page whenever possible, but not over the text). When used in this Order, the word "Documents" means all written material, photographs, video tapes, digital images and all other tangible items whether produced as hard copy, CD, DVD, or otherwise. Except as otherwise indicated in this Order, Documents designated by the parties as "Confidential" and which are disclosed or produced in this litigation are Protected Documents and are entitled to confidential treatment as described below.

    3.    Protected Documents shall not include materials that on their face show that they have been published to the general public.

    4.    Within ten (10) business days after the delivery of Protected Documents or within ten (10) business days after the date of this order, counsel for the party receiving the Protected Documents may challenge the confidential designation of all or any portion thereof by providing written notice thereof to opposing counsel. The parties shall thereafter confer within ten (10) business days after receipt of the written notice, and attempt to resolve informally the receiving party's concerns over any confidentiality designation. If the parties are unable to agree as to whether the confidential designation of the discovered material is appropriate, no later than ten (10) business days after the parties meet and confer, the producing party may file a motion for the purpose of determining whether the challenged documents are entitled to the protection of this Order. The party seeking the protection afforded by this Order shall bear the burden of establishing the challenged documents are entitled to such protections. If such a motion is filed, any document designated as a Protected Document shall remain protected by this Order pending determination by the Court as to its confidential status.

5. Protected Documents and any information contained therein shall not be shown, disseminated, copied, provided, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

6. Protected Documents and any information contained therein shall be disclosed only to the following persons:

    A. Counsel of record for this action for the party or party receiving Protected Documents or any information contained therein;

    B. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

    C. Outside consultants and experts retained by the parties to consult and/or assist counsel in the preparation and trial of this action;

    D. Protected Documents and any information contained therein shall be used solely for the prosecution of this case.

7. Before giving access to any of the Protected Documents or the information contained therein to persons described in Paragraph 6(C), each person described in paragraph 6(C) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms and to submit to the jurisdiction of this Court. All signed copies of Exhibit "A" given to persons described in Paragraph 6(C) shall be maintained by the party disclosing documents as part of the case files for at least 10 years.

8. Upon Conclusion of this action, all *original* Protected Documents and *copies* thereof shall be promptly destroyed. All copies of Protected Documents that are provided to any party's consultants or experts during the course of this litigation shall also be promptly destroyed along with an affidavit from each such consultant or expert stating that all copies of

such materials have been destroyed. The affidavits mentioned above will be retained by the producing party's counsel for 2 years.

9. After termination of this litigation, the provision of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

10. To the extent Protected Documents or information contained therein are used in depositions or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition or trial testimony referring to the Protected Documents or information contained therein. Documents filed in the court files, which will be considered as public records and will not be granted restricted access except on a document by document basis for good cause shown according to the Practice Standards in effect in this Jurisdiction.

11. Inadvertent or unintentional production of documents or information containing confidential information which is not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

12. The parties acknowledge that confidential medical, employment, and other personnel files have been previously produced by the parties. The parties have 10 days from the date of this Order to designate previously produced Protected Documents as "Confidential." Within 10 (ten) days of receiving a new set of documents with the "Confidential" stamp, the party in receipt of previously unmarked confidential documents must destroy the non-stamped documents

13. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, or advertise Protected Documents or any information contained therein.

14. This Order shall be binding upon the parties hereto, upon their attorneys and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

Dated: this 10th day of December, 2014

BY THE COURT

_____
United States District Judge

**AGREED AND APPROVED BY:**

*Attorneys for Plaintiffs:*

  s/J. Todd Tenge
J. Todd Tenge
Tenge Law Firm, LLC
2575 Pearl Street, Suite 230
Boulder, CO 80302

And


  s/Beth A. Klein
Beth A. Klein
Carrie R. Frank
Klein & Frank, P.C.
1909 26th St., #1C
Boulder, CO 80302


*Attorneys for Defendants Coca-Cola Refreshments USA, Inc.
and James White:*

  s/ Michiko Brown
Michiko Brown
Michael L. O'Donnell
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202

# AFFIDAVIT

STATE OF COLORADO      )
                                              ) ss
COUNTY OF_____ )

_____, swears or affirms and states under penalty of perjury:

1.  I have read the Protective Order in *Silbanio Trujillo, v. Coca-Cola Refreshments USA, Inc., and James White*, Civil Action No. 1:14-cv-01283-RBJ, a copy of which is attached to this Affidavit.

2.  I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.  I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.  For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.  I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____
_____
Telephone No.: (\_\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2014 by _____.
WITNESS my hand and official seal.

_____
Notary Public
[SEAL]                                                  My commission expires:_____

EXHIBIT A